23736

In the Matter of Richard Anthony BLACKMON, Respondent.
(424 S.E. (2d) 472)

Supreme Court

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. William K. Moore,* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Richard Anthony Blackmon, pro se.*

Submitted Oct. 16, 1992.

Decided Nov. 9, 1992.

*Per Curiam:*

In this attorney grievance matter, respondent conditionally admits that he has neglected legal matters entrusted to him

and consents to a sixty (60) day suspension from the practice of law in this State. He also agrees to attend additional Continuing Legal Education (CLE) seminars in the areas of federal practice and professional responsibility. We accept respondent's admission under those terms.

The violations committed by respondent arose from his representation of two clients. In the first matter, respondent was retained to represent a client in a divorce action. As part of the property settlement, the client was awarded possession of certain pieces of furniture. Due to respondent's failure to effectively communicate with the client, she was under the impression that respondent was going to obtain the furniture for her. Respondent did not make any effort to obtain the furniture.

As a further result of respondent's failure to communicate with the client, a misunderstanding arose as to whether respondent was to represent her in later criminal matters against her husband, one of which involved an alleged assault upon the client and the other which involved alleged child abuse of one of the couple's children. Hearings were held in both matters; however, respondent failed to appear on the client's behalf. The charges against her husband were dismissed in each case.

In the second matter, respondent was retained to represent a client in a civil matter which was removed to federal court. Respondent failed to timely respond to interrogatories propounded by the defendant. Thereafter, the defendant's attorney filed a motion to compel answers to the interrogatories. Instead of granting the motion to compel, the court issued an order dismissing the case.

Rules 1.1 and 1.4 of the Rules of Professional Conduct contained in Rule 407, SCACR, require counsel to be prepared and to act with reasonable diligence and promptness in representing a client. Rule 1.4 requires counsel to keep the client reasonably informed about the status of the matter and explain the matter to the extent necessary to permit the client to make informed decisions regarding the representation.

Respondent admits that he neglected legal matters entrusted to him by failing to effectively communicate with a client and failing to timely file a pleading. As such, he has violated the above Rules of Professional Conduct. Further, respondent has previously received a public reprimand from

this Court in another matter. *In re Blackmon,* 295 S.C. 333, 368 S.E. (2d) 465 (1988).

It is therefore ordered that respondent shall be suspended from the practice of law in this State for a period of sixty (60) days from the date of this opinion. He shall automatically be reinstated as an attorney after the expiration of the period of suspension as provided by Paragraph 37 of Rule 413, SCACR. In addition, respondent shall complete twelve (12) hours of CLE in federal practice and ethics by December 31, 1993. Those hours shall be in addition to the CLE requirements of Rule 408, SCACR. Proof of compliance with this requirement shall be filed with this Court by January 15, 1994. Respondent shall also file an affidavit with the Clerk of Court, within fifteen (15) days of service of this opinion, showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Definite suspension.

FINNEY, A.J., not participating.