606 S.E.2d 777

**In the Matter of Richard A. BLACKMON, Respondent.**

**No. 25903.**

Supreme Court of South Carolina.

Submitted Nov. 9, 2004.

Decided Dec. 6, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Richard A. Blackmon, of Sumter, pro se.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either a public reprimand or definite suspension not to exceed thirty (30) days. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## *FACTS*

In March 1998, complainant retained an attorney to represent her in a child support and custody action. Following that attorney's suspension from the practice of law, complainant consulted with respondent about assuming representation. Respondent agreed to accept the case in October 1998. The action filed by the original attorney was administratively stricken from the roster in November 1998.

Respondent obtained an order restoring the case to the roster and requested a hearing. The hearing was scheduled for October 1999, but the matter was continued because respondent was required to appear in another court. Respondent filed amended pleadings in November 1999, adding claims for divorce and equitable distribution.

Other than an attempt to serve the defendant with the amended pleadings, respondent took no action for nearly sixteen months. Respondent did not file for a new hearing until March 2001. By that time, however, the case had been administratively stricken from the roster for a second time.

Respondent did not communicate with complainant from November 1999 until June 2002. Respondent took no further action on complainant's behalf until he received notice of the grievance in June 2002. He subsequently had the case restored to the roster and secured a hearing date. Prior to the hearing, complainant contacted respondent and informed him that all issues with her husband had been resolved and that she wanted her case dismissed. Respondent has now completed the case and has neither charged nor accepted a fee.

Respondent is a solo practitioner. He acknowledges he did not have adequate case management and calendaring systems and procedures in place at the time of his representation of complainant. Respondent represents that he has since completed a thorough review and assessment of his office management practices with attorney Steedley Bogan who has assisted him in updating and improving the processes through which his cases are handled. Respondent represents that he is now taking steps to ensure, to the best of his ability, that similar problems will not occur in the future.

## LAW

Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct). Respondent admits that by his misconduct he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client);

644

Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of the client); and 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Misconduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur. PLEICONES, J., not participating.