629 S.E.2d 369

**In the Matter of Richard A. BLACKMON, Respondent.**

No. 26140.

Supreme Court of South Carolina.

Submitted March 28, 2006.

Decided April 24, 2006.

---

asked for a more specific charge. she had asked for a more specific charge.

Henry B. Richardson, Jr., Disciplinary Counsel, and Charles N. Pearman, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Richard A. Blackmon, of Sumter, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension from the practice of law for a period of up to sixty (60) days. *See* Rule 7(b), RLDE, Rule 413, SCACR. In addition, respondent agrees to pay any and all costs associated with ODC's inquiry into these matters. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a sixty (60) day period. The facts, as set forth in the Agreement, are as follows.

## *FACTS*

### *I.*

Complainant A hired respondent to file a bankruptcy petition on her behalf; all of her papers related to the bankruptcy were located in respondent's office. Respondent also possessed important documents regarding Complainant A's deceased parents' estates, their wills, and the deed to their property.

Complainant A attempted to contact respondent on numerous occasions to obtain the documents relating to her parents and to her own bankruptcy petition. Respondent did not communicate with Complainant A.

Respondent acknowledges he was in possession of the estate papers and other documents. He also acknowledges his secretary informed him several times of Complainant A's attempts to contact him. Respondent states he did not adequately communicate with Complainant A because she did not fully pay him to file her Chapter 7 bankruptcy petition.

### *II.*

Complainants B and C hired respondent to assume representation in a Chapter 13 bankruptcy which had already been filed by another attorney. The complainants attempted to contact respondent on several occasions to learn the status of their case and to seek an explanation as to why the trustee might dismiss their petition. Respondent asserts the new electronic filing rules and his antiquated software were the cause of part of the problems associated with the amended bankruptcy plan.

Respondent states he has no record of Complainants B and C contacting him with the frequency that they claim. He blames his answering machine for possibly not receiving some of their messages. Nevertheless, respondent admits he did not adequately communicate the bankruptcy process and its obligations to Complainants B and C.

*III.*

Complainant D hired respondent to represent her in a motor vehicle accident. She attempted to contact respondent on numerous occasions to obtain a status report on her case.[1]

In his response to the Notice of Full Investigation, respondent essentially stated he was working on Complainant D's case. According to his records, she was still under the care of her treating physician and he asked her for updated medical bills and a wage statement. Respondent did not adequately address his failure to communicate with Complainant D. He now acknowledges he did not provide Complainant D with diligent representation and that he did not adequately communicate with her.

*IV.*

Complainant E hired respondent to represent her minor children who were involved in a motor vehicle accident. Complainant E attempted to contact respondent on many occasions to obtain the status of her children's case. Respondent failed to communicate with respondent concerning the status of the case. Complainant E resorted to personally contacting the insurance company to determine what was happening with her children's case.

In his response to the Notice of Full Investigation, respondent indicated he had been working on the case but was unable to settle the matter since another individual injured in the accident was still being treated. Respondent did not adequately address his failure to communicate with Complainant E.

Respondent now acknowledges he did not diligently represent Complainant E. He further acknowledges he did not adequately communicate with Complainant E.

*V.*

Respondent represented Complainant F in a criminal matter. While in the midst of a post-conviction relief action,

---

1. Complainant D states she attempted to contact respondent on more than one hundred occasions.

Complainant F contacted respondent by mail on two occasions and asked for his file.

Respondent failed to surrender Complainant F's file. Respondent acknowledges he received one request from the complainant about the file and told him he would provide the file to his post-conviction relief attorney if requested by the attorney or that he would provide the file to Complainant F at the conclusion of the post-conviction relief action.

In his response to the Notice of Full Investigation, respondent stated he "had no objection" to sending the file to Complainant F as soon as he had an opportunity to copy the file. Respondent acknowledges he failed to return Complainant F's file in a timely fashion.

## VI.

In 2001, Complainants G and H retained respondent to file an action in magistrate's court. The case was apparently dismissed in May 2003 without the complainants' knowledge.

Respondent claims he was not aware the case had been dismissed.[2] Complainants G and H attempted to contact respondent on numerous occasions to obtain the status of the case, but respondent did not return their telephone calls or schedule an appointment to discuss the case. Respondent now acknowledges he did not provide these complainants with competent or diligent representation and he did not adequately communicate with them concerning the status of their case.

---

Respondent acknowledges his extensive disciplinary history. *See In the Matter of Blackmon,* 361 S.C. 641, 606 S.E.2d 777 (2004); *In the Matter of Blackmon,* 344 S.C. 83, 543 S.E.2d 559 (2001); *In the Matter of Blackmon,* 309 S.C. 400, 424 S.E.2d 472 (1992); *In the Matter of Blackmon,* 295 S.C. 333, 368 S.E.2d 465 (1988).

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent

---

**2.** Respondent states the case was dismissed due to lack of service of process which was usually handled by the magistrate's court.

representation to client); Rule 1.3 (lawyer act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter); Rule 1.15 (lawyer shall promptly deliver to client any property client is entitled to receive); Rule 1.16 (upon termination of representation, lawyer shall surrender property to which client is entitled); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice). Finally, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a sixty (60) day period. In addition, respondent shall pay any and all costs associated with ODC's inquiry into this matter, including the court reporter's fee of $60.00. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, concur.